UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MICHELLE JOHNSTON,<br>    Plaintiff<br><br>V.<br><br>SCOTT HORTON,<br>    Defendant | )<br>)<br>)<br>)  Civ. Act. No.:<br>)  In Admiralty<br>)<br>)<br>)<br>) |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR TRIAL**

Now comes the Plaintiff in the above-entitled matter and for her Complaint states:

**GENERAL FACTUAL ALLEGATIONS**

1. The Plaintiff, Michelle Johnston, is a resident of Scituate, Plymouth County, Massachusetts.

2. The Defendant, Scott Horton, is a resident of Scituate, Plymouth County, Massachusetts.

3. On or about July 4, 2022, the Plaintiff, was a passenger aboard a 36-foot whaler recreational vessel, Stardust (hereinafter "the vessel").

4. On or about July 4, 2022, the Defendant owned the vessel.

5. The Defendant chartered the vessel from some other person or entity such that, on or about July 4, 2022, the Defendant was the owner *pro hac vice* of the vessel.

6. On or about July 4, 2022, the Defendant operated the vessel.

7. On or about July 4, 2022, the Defendant controlled the vessel.

8. On or about July 4, 2022, the vessel was in navigable waters.

9. On or about July 4, 2022, while an invited passenger aboard the vessel, the Plaintiff sustained personal injuries when the vessel hit a large wake and she was thrown vertically from her seat and slammed back down.

10. The personal injuries sustained by the Plaintiff include, but are not limited to, an L3 compression fracture, fragmentation and displacement of a Harrington rod in her back, nerve and muscle injuries, and other injuries which will be shown at trial.

11. Prior to and at the time she sustained the above-mentioned personal injuries, the Plaintiff was exercising due care.

## JURISDICTION

12. This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1333.

## COUNT I
## Michelle Johnston v. Scott Horton
## (NEGLIGENCE)

13. The Plaintiff reiterates the allegations set forth in paragraphs 1-12 above.

14. On or about July 4, 2022, the Defendant owed the Plaintiff the duty to exercise reasonable care under the circumstances to ensure the Plaintiff's safety.

15. On or about July 4, 2022, the Defendant negligently breached his duty of care to the Plaintiff by failing to operate the vessel in a reasonably safe manner, failing to warn the Plaintiff of a dangerous and hazardous condition he knew about or reasonably should have known about, failing to warn the Plaintiff, and/or failing to be aware of the surroundings.

16. The personal injuries sustained by the Plaintiff were not caused by any fault of her own but were caused solely by the negligence of the Defendant.

17. As a direct and proximate result of the Defendant's aforesaid negligence, the Plaintiff has suffered, and continues to suffer from, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical care and treatment, loss of earnings and further damages as will be shown at trial.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant in an amount to be determined by a jury, together with interests and costs.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED HEREIN.**

**Respectfully submitted for the
the Plaintiff, MICHELLE JOHNSTON,
by her attorneys,**

/s Carolyn M. Latti
Carolyn M. Latti, BBO # 567394
Mallory E. Haeflich, BBO #712323
Latti Associates LLC
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000
clatti@lattiassociates.com
mhaeflich@lattiassociates.com

Dated: April 24, 2025